# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Richard Adkins,<br>*a/k/a Richard A. Adkins,* | ) C/A: 4:12-1295-CMC-KDW<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )<br>) REPORT AND RECOMMENDATION |
| Sam Hendrick; Gene R. Johnson; Dr. Beverly Killough; Warren Gall; Leon Roberts, individually; The Myrtle Beach Police Department; The Medical University of South Carolina; The County of Horry, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

Plaintiff, Richard Adkins, also known as Richard A. Adkins, ("Plaintiff"), is a state prisoner in the Tyger River Correctional Institution ("TRCI") of the South Carolina Department of Corrections ("SCDC"), in Enoree, South Carolina, who is proceeding pro se and *in forma pauperis*. Plaintiff brings this action pursuant to 28 U.S.C. § 1983, seeking monetary damages and declaratory relief.[1] The case is before the undersigned United States Magistrate Judge for report and recommendation following pre-service review, pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) D.S.C. Having reviewed the Complaint in accordance with applicable law, the

---

[1] Not itself a source of substantive rights, § 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law." *See Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *See McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996). To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *see Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

undersigned recommends that it be summarily dismissed, without prejudice and without issuance and service of process.

I.      Background

        A.      Plaintiff's Allegations

        In his Complaint, Plaintiff identifies the individual Defendants as follows: Sam Hendrick, police officer, last known place of employment, Myrtle Beach Police Department; Gene R. Johnson, former Horry County Coroner; Beverly Killough, pathologist at Medical University of S.C.; Warren Gall, "former M.B.P.D;" Leon Roberts, "former M.B.P.D." *See* Compl.,ECF No. 1 at 2. Plaintiff alleges Defendants Hendrick, Gall, Roberts, and Killough "violate[d] Plaintiff's Fifth, Sixth, Eighth, and Fourteenth U.S. Constitutional rights to procedural due process, effective assistance of counsel, and protection against cruel and unusual punishment[]" when they "submit[ted] evidence they knew to be false to the Horry County Public Defender's Office, the Horry County Prosecutor's Office, and the Horry County General Sessions Court, during Plaintiff's 1988 capital murder trial in Horry County." *Id.* at 3.  Plaintiff further alleges:

> these same Defendants did also hide, suppress, destroy, withhold, or deprive Plaintiff of the mitigating material evidence of the true and correct time of death of the murder victim as determined by the responsible state authority, the coroner.  These Defendants also withheld or suppressed this mitigating material evidence from the Horry County Public Defender's Office, the Horry County Prosecutor's Office, and the Horry County General Sessions Court.

*Id.*  Plaintiff alleges Defendant Johnson was "deliberately indifferent to forwarding the mitigating material evidence of his official report to the Myrtle Beach Police Department, Medical University of South Carolina, the Horry County Public Defender's Office, and the Horry County Prosecutor's Office, so as to preserve this evidence for Plaintiff to use in Plaintiff's defense at trial." *Id.*  Plaintiff alleges that Defendants Myrtle Beach Police Department, the Medical University of South Carolina,

and Horry County "failed to properly train and adequately supervise the Defendants named in paragraph one to rely on the true and correct time of death of a murder victim as determined by the county coroner, and to produce and preserve this material evidence for Plaintiff's use in defense at trial." *Id.* at 5. Plaintiff alleges Defendant Horry County "specifically failed to properly train and adequately supervise Defendant Johnson," as well. *Id.* Plaintiff alleges Defendant Horry County also:

> failed to properly train and adequately supervise Horry County Public Defender Jeff Bloom and Horry County Prosecutor Jim Dunn, who blindly accepted the false evidence submitted by the Defendants in paragraph one [*i.e.* Hendrick, Gall, Roberts, and Killough], and failed to perform an adequate investigation to determine the whereabouts of, and information contained in, a crucial piece of material evidence for Plaintiff's defense, namely, the Horry County Coroner's report with the true and correct time of death of the murder victim.

*Id.* Plaintiff alleges that Defendant Horry County "failed to properly train and adequately supervise Defendant Johnson to follow accepted procedure and forward his coroner's report to Defendant Myrtle Beach Police Department and the Medical University of South Carolina so as to preserve this material evidence for use in Plaintiff's defense[.]" *Id.* Plaintiff alleges that all Defendants also "violated Plaintiff's South Carolina constitutional right to procedural due process by their previously stated actions and conduct." *Id.* at 6. Plaintiff seeks "compensatory damages in the amount of $350.00 for the cost of bringing this action," "nominal damages in the amount of one dollar," "punitive or exemplary damages in the amount of $250,000 or the maximum allowed under current statutes, whichever is greater," and "declaratory relief stating that the Defendants did violate Plaintiff's U.S. constitutional and South Carolina state constitutional rights." *Id.*

B.      Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, the court has carefully reviewed Plaintiff's pro se Complaint. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996 ("PLRA"), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Plaintiff filed this Complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made when the complaint "lacks an arguable basis either in law or in fact." *Denton*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke*, 490 U.S. 319.

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Erickson*, 551 U.S. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Nonetheless, the requirement of liberal

construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

II.     Discussion

Plaintiff's claims for monetary damages against all Defendants in this case are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 486-87; *see also Edwards v. Balisock*, 520 U.S. 641 (1997) (noting the preclusive rule of *Heck* extends to § 1983 claims challenging procedural deficiencies that necessarily imply the invalidity of the judgment).

In this case, Plaintiff's allegations that Defendants "did submit evidence they knew to be false . . . during Plaintiff's 1988 capital murder trial in Horry County," and "did also hide, suppress, destroy, withhold, or deprive Plaintiff of the mitigating material evidence of the true and correct time of death of the murder victim . . . to use in Plaintiff's defense at trial," clearly imply the invalidity of Plaintiff's current confinement. A judicial determination in Plaintiff's favor and an award of monetary damages in this case would necessarily imply that his present confinement is illegal.

However, Plaintiff does not allege that he has successfully challenged the lawfulness of his confinement subsequent to his 1988 murder conviction.[2]

Therefore, Plaintiff cannot allege the necessary element of the illegality of his state court conviction, he cannot show a constitutional injury, and he cannot state a cognizable § 1983 claim against any of the named Defendants in this case. Because Plaintiff's murder conviction has not been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus, under *Heck v.*

---

[2] Plaintiff alleges that he is an inmate in SCDC's TRCI (SCDC ID No. 147810). *See* Compl. at 2. The undersigned takes judicial notice of SCDC's Incarcerated Inmate Search website, which indicates that Plaintiff is serving a life sentence for murder, having been committed to SCDC from Horry County, with an admission date of June 29, 1988 and a sentence start date of February 13, 1988. *See* https://sword.doc.state.sc.us/scdc-public/ (last visited May 22, 2012). *See McCormick v. Wright,* No. 2:10-cv-00033-RBH-RSC, 2010 U.S. Dist. LEXIS 13799 at *6-7 n. 5 (D. S.C. Jan. 15, 2010) adopted by, dismissed without prejudice by 2010 U.S. Dist. LEXIS 13726 (D.S.C., Feb. 17, 2010); *In re Katrina Canal Breaches Consol. Litig.*, No. 05-4182, 2008 U.S. Dist. LEXIS 86538 at *2 (E.D. La. Sept. 8, 2008) (noting courts may take judicial notice of governmental websites including other courts' records); *Williams v. Long*, 585 F. Supp. 2d 679, 685-89 (D. Md. 2008) (noting some courts have found postings on government websites as inherently authentic or self-authenticating). The undersigned also takes judicial notice of Plaintiff's prior state and federal court proceedings, in this court's records and the records of the Horry County Fifteenth Judicial Circuit Public Index website, which indicate that, on June 27, 1988, Plaintiff "pled guilty" and was convicted of "murder," in Horry County General Sessions Court in case no. 1988-GS-26-681, and was sentenced to "life" imprisonment. Plaintiff has filed three applications for post-conviction relief in Horry County Common Pleas Court, all of which have been withdrawn or dismissed, in the following cases: 1988-CP-26-4406; 1997-CP-26-2123; 2010-CP-26-4853. *See* http://www.horrycounty.org/SCJDWEB/publicindex/PICaseDetails.aspx?County=26+&Casenu m=C046018&CourtType=G&CaseType=Criminal&CourtAgency=26001&LastName=Adkins& FirstName=Richard (last visited May 22, 2012). Plaintiff's federal habeas corpus petition seeking to vacate his 1988 murder conviction was denied and dismissed by this court, on June 19, 2003. *See Adkins v. Wannamaker, et al.*, C/A No. 2:00-2793-24AJ (D.S.C.), ECF No. 26. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

*Humphrey*, no civil rights cause of action based on the conviction and related matters under § 1983 has accrued.[3]

Plaintiff's request for a declaratory judgment, if not automatically barred by *Heck*, is not a request for declaratory relief in the true legal sense (*see* Fed. R. Civ. P. 57; 28 U.S.C. § 2201) and Plaintiff's Complaint is not an appropriate pleading which states the type of "case of actual controversy" required to invoke the jurisdiction of this Court to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "District courts have great latitude in determining whether to assert jurisdiction over declaratory judgment actions." *United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 493 (4th Cir. 1998). "Declaratory judgments . . . are meant to define the legal rights and obligations of the parties in the anticipation of some future conduct." *Johnson v. McCuskey*, 72 F. App'x 475, 477 (7th Cir. 2003) (citing *Bontkowski v. Smith*, 305 F.3d 757, 761 (7th Cir. 2002); 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2751 (3d ed. 1998)). "Declaratory judgments are not meant simply to proclaim that one party is liable to another." *Id.* (citing *Loveladies Harbor, Inc. v. United States*, 27 F.3d 1545, 1553-54 (Fed. Cir. 1994) (*en banc*) (concluding that the plaintiff's prayer for a "declaration" of a regulatory taking was "clearly intended to convey a request different from a formal declaration under the Declaratory

---

[3] The undersigned finds that these claims are barred even though Plaintiff's time for filing for habeas relief has expired under the AEDPA. *See Rogers v. Adams*, 103 F. App'x 63, 64 (8th Cir. 2004) ("[w]e [] conclude that *Heck* bars [§ 1983] claims, even if [the plaintiff's] time for filing a state post-conviction motion has passed."); *Cunningham v. Gates*, 312 F.3d 1148, 1153 n.3 (9th Cir. 2002) (noting *Heck* barred § 1983 claims despite fact that habeas relief was time-barred). Plaintiff cannot circumvent his failure to obtain habeas relief by filing a § 1983 claim seeking monetary damages as opposed to release from imprisonment.

Judgment Act")). Consequently, insofar as it seeks "declaratory relief stating that Defendants did violate Plaintiff's U.S. constitutional and South Carolina state constitutional rights," Plaintiff's Complaint does not state a plausible claim for declaratory relief and does not confer federal jurisdiction over any claim that does not otherwise fall within the subject matter jurisdiction of the federal court. *See Mason & Dixon Lines, Inc. v. Eagerton*, 555 F. Supp. 434, 436 (M.D. Ala. 1982); *Beltran v. Brownell*, 121 F. Supp. 835, 836 (S.D. Cal. 1954). *See also Stokes v. Moorman*, C/A No. 9:10-1711-CMC-BM, 2010 WL 3862568 at *5-6 (D.S.C. Aug. 17, 2010) adopted by 2010 WL 3834470 (D.S.C. Sept. 27, 2010), aff'd, 406 F. App'x 823 (4th Cir. Jan. 4, 2011); *Abebe v. Richland Cnty.*, C/A No. 2:09-02469-MBS-RSC, 2009 WL 6582396 at *4 (D.S.C. Oct. 8, 2009) adopted by 2010 WL 2431062 (D.S.C., June 11, 2010), aff'd, 399 F. App'x 820 (4th Cir. Oct. 28, 2010) (plaintiff's request for declaratory judgment "misses the mark" when he asks the court for declarations that the acts and omissions described in the complaint violated his rights under the constitution).

Moreover, even if Plaintiff's claims for monetary damages and declaratory relief were not barred by *Heck*, such claims are time-barred by § 1983's three-year statute of limitations. Based on *Owens v. Okure*, 488 U.S. 235 (1989), and *Wilson v. Garcia*, 471 U.S. 261 (1985), a state's general or residual statute of limitations governing personal injury actions is the applicable statute of limitations for § 1983 civil rights actions. In South Carolina, that has been held to be S.C. Code Ann. § 15-3-530(5)'s three-year statute of limitations.[4] It plainly appears from Plaintiff's Complaint

---

[4] "Except as to actions initiated under Section 15-3-545 [medical malpractice actions], all actions initiated under Section 15-3-530(5) must be commenced within three years after the person knew or by the exercise of reasonable diligence should have known that he had a cause of action." S.C. Code Ann. § 15-3-535.

that the alleged actions upon which Plaintiff is basing this lawsuit took place in 1988, over 23 years ago. Plaintiff alleges no facts as to why his Complaint, filed on May 16, 2012, should be considered timely. Because over 23 years lapsed between the time the alleged acts occurred and the time Plaintiff filed this lawsuit against Defendants, Plaintiff's claims are untimely, fail to state a claim on which relief may be granted, and should be dismissed as frivolous.[5]

To the extent that Plaintiff's Complaint alleges claims arising under state law, the court should decline to exercise supplemental jurisdiction over those claims. *See* 28 U.S.C. § 1367(c).

III.    Recommendation

For the reasons discussed above, the undersigned recommends that the Complaint be summarily dismissed as to all Defendants, without prejudice and without issuance and service of process. *See Denton v. Hernandez*, 504 U.S. 25; *Neitzke v. Williams*, 490 U.S. 319; *Haines v. Kerner*, 404 U.S. 519; *Brown v. Briscoe*, 998 F.2d 201 (4th Cir. 1993); *Todd v. Baskerville*, 712 F.2d 70; *see also* 28 U.S.C. § 1915(e)(2)(B).

**Plaintiff's attention is directed to the important notice on the next page.**

---

[5]  Under Rule 8(c) of the Federal Rules of Civil Procedure, a statute of limitations defense is an affirmative defense, which is subject to waiver if not timely raised in a responsive pleading. *See, e.g., United States v. Ward*, 618 F. Supp. 884, 901 (E.D.N.C. 1985); and *Am. Nat'l Bank v. Fed. Dep. Ins. Corp.*, 710 F.2d 1528, 1537 (11th Cir. 1983). Even so, the holding in *Todd v. Baskerville*, 712 F.2d at 74, authorizes a district court to anticipate clearly apparent affirmative defenses available to the defendants in determining under 28 U.S.C. § 1915 whether process should be issued against defendants. *See also Rogers v. Isom*, 709 F. Supp. 115, 117 (E.D. Va. 1989) ("A determination of frivolousness on the basis of affirmative defenses is appropriate even though no responsive pleadings have been filed.") (citing *Todd*, 712 F.2d 70, and *Duncan v. West Virginia*, 597 F. Supp. 1195, 1196 (S.D.W. Va. 1984) ("Although some of the matters discussed constitute defenses, where the complaint on its face raises obvious and complete affirmative defenses, the Court may consider these defenses in ruling under 28 U.S.C. § 1915(d) finding a complaint frivolous.") (citation omitted)).

IT IS SO RECOMMENDED.

May 29, 2012                           Kaymani D. West
Florence, South Carolina               United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).